IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROGER BONILLA MAYORGA, ) | |
| Plaintiff, ) | |
| v. ) | CIV 05-1782 PHX SRB (JRI) |
| JOSEPH ARPAIO, ) | MEMORANDUM AND ORDER |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Dismiss (Doc. 9).

**Background**

Plaintiff, filed a *pro se* civil rights complaint (Doc. 1) on June 13, 2005, alleging violation of his civil rights by Defendant while Plaintiff was detained at a Maricopa County jail. On July 27, 2005, the Court ordered Defendant to answer Plaintiff's allegation that Defendant violated Plaintiff's Eighth Amendment rights. Doc. 3.

Defendant waived service and filed a motion to dismiss on November 23, 2005. Doc. 9. Defendant asserts that the complaint must be dismissed, pursuant to 42 U.S.C. § 1997e, because Plaintiff failed to exhaust his administrative remedies by pursuing his claims through the Maricopa County jail grievance process prior to filing his section 1983 suit. On

December 7, 2005, Plaintiff was ordered to answer the motion to dismiss. Doc. 10. Plaintiff was warned by the Court that his failure to respond to Defendant's motion within thirty days could be deemed consent to the entry of judgment against Plaintiff, pursuant to Rule 7.2, United States District Court for the District of Arizona Local Rules of Civil Procedure. On January 9, 2006, the Court ordered Plaintiff to respond to the motion to dismiss within ten days of the date that order was issued. Doc. 11. Plaintiff has not, as of the date of the order, responded to Defendant's motion to dismiss his complaint.

## Discussion

### A. Standard for granting a motion to dismiss

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002); Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996). Additionally, *pro se* complaints are held to a less strict standard than those drafted by counsel. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). It is not appropriate to dismiss a pro se prisoner's civil rights action unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. See also Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir. 1987).

**B. Exhaustion**

Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005). An inmate must exhaust available remedies "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741, n.6 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002).

A plaintiff must fully exhaust his administrative remedies before filing a section 1983 complaint. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). To fully exhaust a section 1983 claim, a prisoner must pursue his grievance to the highest administrative level available to him. See Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999); Morgan v. Maricopa County, 259 F. Supp. 2d 985, 990-91 & n.13 (D. Ariz. 2003).

Exhaustion is an affirmative defense; establishing exhaustion of administrative remedies under the PLRA is not a pleading requirement or a jurisdictional prerequisite. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied,

124 S. Ct. 50 (2003); Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004). Therefore, Defendant has "the burden of raising and proving the absence of exhaustion." Wyatt, 315 F.3d at 1119. The failure to exhaust administrative remedies under the PLRA is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. Id. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

It is Defendant's burden to prove an absence of exhaustion regarding Plaintiff's claims. Defendant presents evidence that Plaintiff did not exhaust his administrative remedies prior to filing his complaint. Doc. #9, Exh. 1. Defendant also notes that Plaintiff admits in his complaint that he did not exhaust his available administrative remedies with regard to any of the claims stated in his complaint.

Additionally, Rule 7.2, United States District Court for the District of Arizona Local Rules of Civil Procedure provides that a party's failure to respond to a motion may, in the Court's discretion, be deemed a consent to the Court's granting of judgment in favor of the movant. See Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). When the Court has warned the non-moving part that their failure to respond "'shall constitute a consent'" to the granting of the motion, the Court may properly exercise its discretion to a motion based on the

-4-

non-moving party's construed consent.  Id.  See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that the district court did not abuse its discretion by summarily granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to the motion but failed to do so).

## Conclusion

Defendant has presented evidence to the Court that administrative remedies were available to Plaintiff and that Plaintiff did not pursue an administrative remedy with regard to any of the claims stated in the complaint.  Plaintiff makes no response to Defendant's motion to dismiss the complaint.  Therefore, the Court concludes that Plaintiff's complaint must be dismissed without prejudice pursuant to section 1997e because Plaintiff failed to exhaust his administrative remedies regarding his claims prior to filing his section 1983 suit.

**THEREFORE, IT IS ORDERED THAT** Defendants' Motion to Dismiss (Doc. 9) is **GRANTED**.  Plaintiff's complaint is hereby **dismissed without prejudice**.

DATED this 10th day of February, 2006.

_____
Susan R. Bolton
United States District Judge

-5-